JOTHAM VARNEY *vs.* HENRY M. BOWKER.

*No such officer as field-driver. Impounding certificate must clearly state cause.*

There is no such town officer as field-driver known to, or recognized by, the statutes of this State.

Impounded beasts may be replevied before they are advertised, as well as after.

A certificate lodged with a pound keeper by one signing it as field-driver reciting two causes for impounding, viz.: that the cattle impounded were "found by him at large without a keeper, in the highways;" and the other "in the inclosure of Bowdoin College in said town," is defective, and furnishes no justification to the impounder.

ON EXCEPTIONS.

REPLEVIN of four cows which, claiming to act in the capacity of field-driver in Brunswick, the defendant took up as estrays in that town on the third day of July, 1872, and committed to the town's pound, giving the pound-keeper a certificate of committal, describing the cows, and then saying that they were "taken up as estrays in the highway of said town, and as being found at large by me, the subscriber, without a keeper in the highways of said town, and in the inclosure of Bowdoin College in said town, which are the causes for impounding the same, and the said Henry M. Bowker demands three dollars for forfeiture by law, and the unpaid fees and charges for impounding the same," &c. The beasts were taken by the defendant at eight o'clock in the morning, put into the pound that forenoon, and replevied at nine o'clock that evening before any advertisement of them had been posted.

For these reasons, the defendant alleged, in his brief statement, that the cattle were not in his possession when the writ was served on him, nor were they impounded so as to authorize a resort to this process; but the judge of the superior court, before whom the matter came by appeal of the plaintiff from the municipal court of Brunswick, ruled that the writ was not prematurely sued

out, and that it properly ran against the defendant, whose certificate he held to be defective, in stating two causes of commitment and in leaving it uncertain what number of the cows were in the highway and what were in the college grounds; and therefore, that it afforded no justification to the defendant. He awarded the plaintiff nominal damages, and the defendant excepted.

*Henry Orr*, for the defendant.

These beasts were taken up as estrays, under R. S., c. 23, § 11, wandering part of the time in the highway and part of the time upon the college grounds, which he mentions as descriptive of the places where they were unlawfully roaming without a keeper, but not as the reason for impounding them. That was done because they were estrays, which is a sufficient legal cause.

*George Barron*, for the plaintiff.

VIRGIN, J. In the certificate deposited with the pound keeper, the defendant describes himself as "field-driver of said town," (Brunswick). But the statute of 1821, c. 128, § 1, which provided for the annual election of "three or more suitable persons for field drivers," &c., was repealed by the statute of 1834, c. 137, § 13, since which time towns have not been required to choose any such officers, nor are there any duties imposed upon such officers or authority given them to impound. *Hills* v. *Rice*, 17 Maine, 187; *Eastman* v. *Hills*, 18 Maine, 249.

R. S., c. 23, §§ 2 and 4, provide two distinct causes for the impounding of cattle—§ 2 for the recovery of a forfeiture for being "found at large without a keeper in the highways," &c., and § 4 for the recovery of damages to land.

Section 8 provides what facts shall be stated in the certificate of the impounder together with its purport.

Thus far the statute provides remedies for two wrongs—one, for the injury and danger of the public, and the other a private injury as when the beast is taken *damage feasant*. These provis-

ions are for the benefit of the public and the individual suffering damages.

But § 11 is of a different character, and its provisions are intended for the benefit of the owner of the beasts. It authorizes any person to take up, "as an estray," "any such beast" found (1) "in any public way ;" or (2) "in his inclosure or possession." When thus found, the person taking up the estray may keep him "ten days ;" and "if no owner calls for him, commit him, with a certificate as described in § 8 to the pound-keeper of his town," who shall keep him till called for by the owner, "and all due charges paid."

It will be perceived that the owner is liable only for "all due charges"—no "damages" or "forfeitures" as in cases under. §§ 2 and 4.

The certificate is faulty in two respects. (1) It states two causes for impounding—one because the cattle were "found by him at large without a keeper in the highways," and the other "in the inclosure of Bowdoin College in said town." For the latter cause this defendant had no authority to impound—and (2) because he claims a forfeiture, when he had no authority to claim it, but only the "charges" mentioned.          *Exceptions overruled.*

WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.